UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| DAVID DAGER, GREG IIAMES, DANNY BOYD and other similarly situated employees, | ) ) ) ) | |
| Plaintiffs, | ) ) | 2:06-cv-01412 JWS |
| vs. | ) ) | ORDER AND OPINION |
| CITY OF PHOENIX, a body politic, | ) ) ) | [Re: Motion at Docket 9] |
| Defendant. | ) ) ) | |

## I.  MOTION PRESENTED

At docket 9 defendant City of Phoenix moved for this court to require plaintiffs to provide a more definite statement of their claims.  At docket 11, plaintiffs responded to the motion, and at docket 12, defendant replied in support of its motion for a more definite statement.

## II.  BACKGROUND

Plaintiffs filed a complaint on May 31, 2006.  The complaint states that plaintiffs filed on behalf of a class under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and

Rule 23 of the Federal Rules of Civil Procedure.[1]  Plaintiffs alleged that the class consists of, "all persons employed by Defendant City of Phoenix."[2]  Plaintiffs claimed relief for violation of the Fair Labor Standards Act ("FLSA"), stating that defendant "willfully violated, and is willfully violating, the overtime compensation requirements of the FLSA, 29 U.S.C. § 207."[3]  Plaintiffs alleged that defendant is employing plaintiffs "for work weeks longer than the applicable maximum hours established by Section 207 of the FLSA, without compensating them for their employment in excess of the above-described hours[,] at rates not less than one and one-half times their regular rates of pay."[4]  Plaintiffs argued that they should be given unpaid overtime compensation for the alleged violation of Section 207 of the FLSA, in addition to liquidated damages consisting of attorneys' fees, costs, and interest.[5]

In its motion for a more definite statement, defendant claimed that the plaintiffs did not fulfill the requirements of Federal Rule of Civil Procedure 8(a).[6]  It argued that plaintiffs' claims are, "so vague that Defendant cannot reasonably be required to frame a pleading responsive to the Complaint."[7]  Defendant reasoned that the complaint does not contain "a single fact that pertains to the wrongdoing [plaintiffs] alleged to have

---

[1] Doc. 1 at 2.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.* at 3.

[6] Doc. 9 at 3.

[7] *Id.* at 1.

experienced," and that therefore defendant has no notice of the "factual basis for the Complaint."[8]  Defendant also argued that plaintiffs did not properly allege the parameters of the class for whose benefit they filed the complaint.[9]  Defendant argued that plaintiffs are too vague in asserting their class or collective action under both Section 16(b) of the FLSA and Federal Rule of Civil Procedure 23.[10]  Defendant stated that plaintiffs "purport to apply two mutually exclusive methods for managing this lawsuit at the same time," do not allege that either of these methods applies in this case, do not allege parameters for participating in a class or collective action, and that the plaintiffs' complaint "renders every employee of the City a potential party plaintiff, making the investigation and response to such a broad class impossible."[11]

Plaintiffs argued that their complaint is in compliance with the liberal pleading requirements of Rule 8(a), and that the 12(e) motion is not "suitable" where a party makes a motion to procure details it already has in its possession.[12]  Plaintiffs noted that defendants have also received from plaintiffs a Notice of Claim (Ex. A, Doc. 11) pursuant to Arizona Revised Statutes § 12-821.01, which "provided specific details" about the claim, including a "basic statement of facts" and allegations of "violations of 29 U.S.C. § 207 & 216."[13]

---

[8] *Id.* at 4.

[9] *Id.* at 3.

[10] *Id.*

[11] *Id.* at 5.

[12] Doc. 11 at 2-3.

[13] *Id.* at 3; Ariz.Rev.Stat. § 12-821.01 (2006).

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) states that a pleading which "sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and a "demand for judgment for the relief the pleader seeks."[14]  The pleading is to be "simple, concise, and direct," and a party may set forth "two or more statements of a claim or defense alternatively or hypothetically."[15]  Pleadings "need suffice only to put the opposing party on notice of the claim."[16]  In addition, "[s]pecific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief."[17]

Federal Rule of Civil Procedure 12(e) states that if a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."[18]  This motion is not to be used "as a substitute for the discovery and deposition procedure."[19]

---

[14] Fed. R. Civ. P. 8(a).

[15] Fed .R. Civ. P. 8(e)(1), (2).

[16] *Fontana v. Haskin,* 262 F.3d 871, 877 (9th Cir. 2001).

[17] *Id.* (citing *Am. Timber & Trading Co. v. First Nat'l Bank,* 690 F.2d 781, 786 (9th Cir.1982)).

[18] Fed. R. Civ. P. 12(e).

[19] *Kuenzell v. United States*, 20 F.R.D. 96 (N.D.Ca. 1957).

## IV.  DISCUSSION

This court finds that plaintiffs' complaint at docket 1 should be amended.  The complaint at docket 1 is sufficiently vague that "a party cannot reasonably be required to frame a responsive pleading."[20]  The complaint simply alleges that the defendant violated and is violating the overtime compensation requirements of the FLSA, 29 U.S.C. § 207.  In plaintiffs' response to defendant's motion for a more definite statement, plaintiffs reference a Notice of Claim (pursuant to Arizona Revised Statutes § 12-821.01) which states that the plaintiffs should be paid for the time it takes for them to change in and out of the uniforms required for their jobs.[21]  It is unclear why plaintiff did not include this more specific allegation in the complaint.  Defendant is left to guess whether the broad complaint of violation of the overtime compensation requirements of Section 207 of FLSA is meant to include more.[22]

Similarly, the class plaintiffs wish to represent is also broad, including "all persons employed by Defendant City of Phoenix."[23]  This increases defendant's difficulty in framing a responsive pleading.[24]  In the Notice of Claim, the plaintiffs give a more narrow indication of what the class might be.[25]  The plaintiffs indicate that it would include only those city employees who must wear protective equipment or "unique

---

[20] Fed. R. Civ. P. 12(e).

[21] Doc. 11, Ex. A.

[22] Doc. 1 at 2.

[23] Doc. 9 at 2.

[24] *Id.*

[25] Doc. 11 at 3; Doc. 11 Ex. A at 1.

clothing."[26] Again, the failure to be more specific in the complaint leaves it unclear what claim plaintiffs actually are pursuing.

Defendant also argues that plaintiffs do not properly describe the class or collective action parameters.[27] Defendant argues that plaintiffs must eventually decide and plead whether to bring suit under either Section 216(b) of FLSA or Federal Rule of Civil Procedure 23, but not both.[28] Plaintiffs, in subsequent filings, appear to have decided to bring this action under Section 216(b) of the FLSA, as evidenced by the consent to join filings made subsequent to the filing of the complaint.[29] Because the court will require an amended complaint with content that is presently unknown, the court will not address the arguments that plaintiff must choose one or the other method at this stage of litigation.

Defendant, referencing case law including *Holt v. Rite Aid Corp.*,[30] additionally argues that plaintiffs must make a showing of "commonality between the basis for [the plaintiffs'] claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions."[31] However, in *Holt v. Rite Aid*, the court did not consider whether a plaintiff should make a more definite statement, but rather whether it

---

[26] *Id.*

[27] Doc. 9 at 5.

[28] Doc. 1 at 2; Doc. 12 at 6.

[29] *See, e.g.,* Doc. 10.

[30] *Holt v. Rite Aid Corp.*, 333 F.Supp. 2d 1265 (M.D. Ala. 2004).

[31] Doc. 9 at 6 (quoting *Holt*, 333 F.Supp. 2d at 1270).

should grant or deny a motion to facilitate notice to potential class members.[32]  Under Rule 12(e), this court looks only to whether a pleading is so vague or ambiguous that the defendant cannot frame a responsive pleading.  While the class named in the complaint by plaintiffs is broad (including all city employees), it appears that if plaintiffs modify the class to include the narrower group of employees mentioned in the Notice of Claim, then sufficient notice of the claim would be given to defendants to frame a responsive pleading.

Plaintiffs' response to defendant's motion for a more definite statement shows that plaintiffs are capable of pleading with a more definite statement and that a more definite statement would facilitate defendant's response.  Plaintiffs should easily be able to incorporate the more definite allegations made in the Notice of Claim pursuant to Arizona State law into an amended complaint.[33]

## V.  CONCLUSION

For the reasons above, the motion at docket 9 is **GRANTED** as follows:

Plaintiffs shall file an amended complaint within **ten days from the date of entry of this Order**.

DATED at Anchorage, Alaska, this 25th day of October 2006.


                                   /s/
                              JOHN W. SEDWICK
                         UNITED STATES DISTRICT JUDGE

---

[32] *Holt*, 333 F.Supp. 2d at 1275.

[33] Ariz.Rev.Stat. § 12-821.01 (2006).